UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AMBERLYN MONTALVO**,<br><br>             Plaintiff,<br><br>v.<br><br>**PAUL BAR & RESTAURANT CORP.**,<br>     d/b/a The Paul Hotel Rooftop Bar,<br>**THE PAUL HOTEL INC.**,<br>**JOSE MALDONADO**, an individual,<br>**SHASHI SHARMA**, an individual, and<br>**JOGINDER SHARMA**, an individual,<br><br>             Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 1:22-cv-1423<br><br><u>**JURY TRIAL REQUESTED**</u> |

## INTRODUCTION

1. Plaintiff Amberlyn Montalvo worked Defendants' rooftop bar and restaurant in 2021. During this time, Defendants paid her less than the minimum wage, did not pay her for the overtime hours she worked, did not give her all the tips she earned, did not pay her "spread of hours" pay when she worked a span of ten hours or more, did not provide wage notices, and did not give her paystubs.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants Paul Bar & Restaurant Corp., d/b/a The Paul Hotel Rooftop Bar, The Paul Hotel Inc., and three individuals, Jose Maldonado, Shashi Sharma, and Joginder Sharma, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL"). Plaintiff also brings a common law conversion claim related to Defendants' theft of her services.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' bar located at 32 West 29th St. New York, NY 10001 and one or more of the Defendants named herein reside in this district.

## PARTIES

**Defendant Paul Bar & Restaurant Corp.**

6. Defendant **Paul Bar & Restaurant Corp.** d/b/a The Paul Hotel Rooftop Bar (hereinafter the "Rooftop Bar") is a New York corporation doing business within New York County, and whose principal place of business is located at 32 West 29th St. New York, NY 10001. Its DOS Process agent is listed with the NYS Department of State as Shashi Sharma at the same address.

7. At all relevant times, Defendant The Paul Rooftop had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant The Paul Hotel Rooftop was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant The Paul Hotel Rooftop was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Montalvo v. The Paul Hotel Rooftop Bar*
Case No. 1:22-cv-1423 (SDNY)

Complaint
Page 2

**Defendant The Paul Hotel Inc.**

10. Defendant **The Paul Hotel Inc.** d/b/a The Paul Hotel (hereinafter the "Hotel") is a New York corporation doing business within New York County, and whose principal place of business is located at 32 West 29th St. New York, NY 10001.  Its DOS Process agent is listed with the NYS Department of State as Joginder Sharma at the same address.

11. The Rooftop Bar is on the top floor of the Hotel.

12. Defendants Joginder and Shashi Sharma own and operate both the Rooftop Bar and the Hotel.

13. At all relevant times, the Hotel had annual gross revenues in excess of $500,000.

14. At all relevant times, the Hotel was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At all relevant times, the corporate Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Jose Maldonado**

16. Defendant Jose Maldonado, an individual, resides in the Bronx, New York, upon information and belief.

17. At all times material to this action, Defendant Maldonado was the manager of the Rooftop Bar.

18. Defendant Maldonado was the Plaintiff's most immediate boss.

19. At all times material to this action, Defendant Maldonado exercised substantial control over the functions of the company's employees including Plaintiff.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Montalvo v. The Paul Hotel Rooftop Bar*
Case No. 1:22-cv-1423 (SDNY)

Complaint
Page 3

20. At all times material to this action, Defendant Maldonado was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendants Shashi and Joginder Sharma**

21. Defendants Joginder Sharma and Shashi Sharma (collectively "the Sharmas") are related by blood or marriage.

22. The Sharmas reside in Queens, New York, upon information and belief.

23. Defendant Shashi Sharma is the Department of State process agent for the Rooftop Bar.

24. Defendant Joginder Sharma is the Department of State process agent for the Hotel.

25. Defendant Shashi Sharma is one of the ten largest shareholders of the Rooftop Bar.

26. Defendant Shashi Sharma is one of the ten largest shareholders of the Hotel.

27. Defendant Joginder Sharma is one of the ten largest shareholders of the Rooftop Bar.

28. Defendant Joginder Sharma is one of the ten largest shareholders of the Hotel.

29. At all times material to this action, the Sharmas actively participated in the business of the both corporations.

30. The Sharmas (one or both) hired Defendant Maldonado to manage the Rooftop Bar.

31. The Sharmas both had the authority to terminate Plaintiff's employment, to direct her activities, to discipline her, or to give her a raise.

32. At all times material to this action, the Sharmas were additional "employers" of the Plaintiff, as defined by § 203(b) of the FLSA and the NYLL.

**Plaintiff Amberlyn Montalvo**

33. Plaintiff Amberlyn Montalvo is a resident of the Bronx, New York.

34. Plaintiff Montalvo worked for the Rooftop Bar as a bartender from April 18, 2021 to June 8, 2021.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Montalvo v. The Paul Hotel Rooftop Bar*
Case No. 1:22-cv-1423 (SDNY)

Complaint
Page 4

35. At all times material to this action, Plaintiff Montalvo was an "employee" within the meaning of 29 U.S.C. § 203(e).

36. Plaintiff's primary supervisor was Jose Maldonado.

37. The Sharmas were also her superiors, above Mr. Maldonado in the chain of command.

38. While working in this capacity, Plaintiff Montalvo was expected to record time worked by POS or swipe card.

39. Montalvo estimates that she generally worked 10 hour days. For the first approximately three weeks of her employment she worked three shifts, or approximately 30 hours per week. For the last four weeks, she worked five shifts per week, or approximately 50 hours per week.

40. While working at the Rooftop Bar, her stated rate of pay was $40 per day plus tips.

41. Plaintiff Montalvo did not receive a NYLL "wage notice," nor did she receive any kind of tip notice.

42. Plaintiff Montalvo did receive some cash tips when the customer paid in cash, but she received none of the tips she earned when the customers paid by credit card.

43. Defendants did not pay Plaintiff Montalvo anything extra when he worked more than 10 hours a day or 40 hours a week.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

44. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Montalvo v. The Paul Hotel Rooftop Bar*
Case No. 1:22-cv-1423 (SDNY)

Complaint
Page 5

### *Failure To Pay Time Overtime Properly*

45. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Failure To Pay Minimum Wage*

46. Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of the FLSA.

### *Improper Tip Pooling Practices*

47. Defendants demanded or accepted some part of gratuities received by or on behalf of the Plaintiff, thereby abnegating any entitlement to a tip credit.

### *Improper Claim to Tip Credit Amount*

48. Defendants had a policy and practice of rounding reported tips up in such a way as to claim the full amount of tip credit when it was not entitled to do so.

### *Record-Keeping Failures*

49. Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

50. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

51. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

52. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Montalvo v. The Paul Hotel Rooftop Bar*
Case No. 1:22-cv-1423 (SDNY)

Complaint
Page 6

overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action: NEW YORK LABOR LAW (NYLL) VIOLATIONS

53. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

54. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Minimum Wage*

55. Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of NYLL § 652.

*Failure To Pay Overtime*

56. Defendants failed to compensate Plaintiff at a rate of one- and one-half times her normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Spread of Hours*

57. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay her an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

*Failure to Pay Wages and Improper Deductions*

58. The Defendants made deductions from the wages of Plaintiff other than those authorized under NYLL § 193.  See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

59. Specifically, Defendants failed to pay both Plaintiff the credit card tips that she earned.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Montalvo v. The Paul Hotel Rooftop Bar*
Case No. 1:22-cv-1423 (SDNY)

Complaint
Page 7

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Improper Tip Practices*

60. Defendants retained some part of gratuities received by or on behalf of the Plaintiff, in contravention of NYLL § 196-d.

*Failure To Provide Break Time*

61. Plaintiff was employed in or in connection with Defendants' "mercantile or other establishment." Plaintiff worked a shift of more than six hours extending over the noon day meal timeframe (i.e. between 11:00am and 2:00pm). Defendants failed to provide Plaintiff at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).

62. Plaintiff worked a shift of more than six hours starting between 1:00pm and 6:00am. Plaintiff were employed in or in connection with Defendants' mercantile or other establishment. Defendants failed to provide Plaintiff at least forty-five minutes for a meal period, in contravention of NYLL § 162(4).

*Failure To Pay Wages At Prescribed Frequency*

63. The timing and frequency of Plaintiff's pay was improper. Specifically, the Plaintiff never received most of her wages.

64. Plaintiff did not receive her pay on the prescribed paydays.

65. Because of these untimely payments, Plaintiff was not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191.

66. Plaintiff was not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

67. When Plaintiff was separated from the company, the employer failed to pay the wages owing in her final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

### *Failure to Provide Pay Stubs / Wage Notices / Tip Notice*

68. Defendants failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

69. Defendants failed to furnish Plaintiff with a "tip notice" or written notice of the employees' regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, and a statement that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. 12 N.Y. Comp. Codes R. & Regs. 146-2.2.

70. Defendants failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### *Record-Keeping Failures*

71. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

72. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Montalvo v. The Paul Hotel Rooftop Bar*
Case No. 1:22-cv-1423 (SDNY)

Complaint
Page 9

wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

73. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

74. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover her unpaid wages, overtime, liquidated damages, statutory penalties, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Code § 663(1).

**As And For A Third Cause of Action:
CONVERSION (THEFT OF SERVICES)**

75. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

76. By failing to pay Plaintiff in such an egregious fashion, Defendants committed theft of services.

77. For this unlawful conversion, Plaintiff demands all appropriate damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B)   Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Montalvo v. The Paul Hotel Rooftop Bar*
Case No. 1:22-cv-1423 (SDNY)

Complaint
Page 10

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

(C)     Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)     Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142;

(E)     Award Plaintiff statutory damages for failure to provide wage notices and paystubs;

(F)     Award appropriate damages for conversion, including punitive damages;

(G)     Award Plaintiff interest;

(H)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(I)     Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **21st** day of **February**, **2022**.

AndersonDodson, P.C.

*/s/ Penn Dodson/*
_____
**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax