UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMBERLYN MONTALVO,

                            Plaintiff,

            -against-

PAUL BAR & RESTAURANT CORP., et al,,

                            Defendants.

Case No. 1:22-cv-1423 (JLR) (SN)

<u>**OPINION AND ORDER**</u>

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Amberlyn Montalvo ("Montalvo" or "Plaintiff") brings this action against Defendants Paul Bar & Restaurant Corporation d/b/a The Paul Hotel Rooftop Bar (the "Rooftop Bar"), Jose Maldonado, and Mohan Aluwalia (together, "Defendants") for failure to pay required compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including minimum and overtime wages, spread of hours pay, and unpaid tips. Defendants did not appear, and Plaintiff moved for default judgment and attorneys' fees. *See* ECF No. 47 ("Compl."). After Defendants failed to answer or otherwise appear in this litigation, the Court referred this matter to Magistrate Judge Sarah Netburn ("Magistrate Judge") for a Report and Recommendation that was provided to this Court on August 11, 2023. ECF No. 73 ("R&R").

The Court incorporates the portion of the R&R that sets forth the factual background and procedural history of this case, and refers the reader to the R&R for a more comprehensive background. *See* R&R at 1-2. Essentially, Defendants employed Plaintiff as a bartender for less than two months – April 18, 2021 to June 8, 2021 – and paid her a flat rate of $40 per 10-hour shift. R&R at 2. Plaintiff seeks damages for unpaid minimum wages, overtime compensation, and tips, as well as damages for failure to provide Plaintiff with accurate pay stubs, spread of

hours pay, and other violations of the NYLL.  *Id.*  Plaintiff has also filed a motion for attorneys' fees and costs.  *Id.*

The Magistrate Judge recommends that Defendants be held liable for violating the overtime and minimum wage provisions of the FLSA and the NYLL, and for failing to provide tips, as well as for the payment of reasonable attorneys' fees.  R&R at 1.  Specifically, the Magistrate Judge recommends that Plaintiff be awarded $36,835.84, consisting of $12,659.70 in back pay and unlawfully deducted tips (plus prejudgment interest at a rate of 9%); $12,659.70 in liquidated damages; $10,391.25 in attorneys' fees; and, $1,125.19 in costs.  *Id.* at 23.

Plaintiff filed a timely objection to the R&R.  *See* ECF No. 78 ("Obj.").  Plaintiff also served the R&R on Defendants on August 18, 2023.  ECF No. 77.  Defendants still have not appeared in this case.  For the reasons set forth below, the Court adopts the R&R with a small modification to adjust the attorneys' fee award and exclude prejudgment interest.

## STANDARD OF REVIEW

With respect to dispositive motions, a district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3).  A district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018).  "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal.' . . . 'The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every

argument which it presented to the Magistrate Judge.'" *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Vega v. Artuz*, No. 97-cv-03775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).  "In addition, new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (internal citation and quotation marks omitted); *see United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (rejecting argument raised for the first time as objection to report and recommendation).

## DISCUSSION

Plaintiff raises five objections to the R&R.  She argues that: (1) she has standing and is entitled to recover statutory damages for Defendants' failure to provide wage statements and notices under the NYLL (Obj. at 1-8); (2) Defendants should not receive credit for the $40 per 10-hour shift that they paid to Plaintiff (Obj. at 8-9); (3) Plaintiff is entitled to spread of hours pay for half of her shifts (Obj. at 9-10); (4) prejudgment interest should not have been awarded (Obj. at 10-11); and (5) the requested attorneys' fees should not have been reduced (Obj. at 11-13).  The Court will address each objection in turn.

### A.  Plaintiff Has Not Pleaded Article III Standing for Statutory Damages under NYLL §§ 195, 198

Plaintiff seeks statutory damages under Sections 195 and 198 of the NYLL for failure to provide Plaintiff with wage notices and statements.  Compl. ¶¶ 55-57.  Section 195(1) of the NYLL requires that employers provide employees with notice at the time of hiring of "the rate or rates of pay, and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; [and] allowances, if any claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ."  N.Y. Lab. Law § 195(1)(a).  Section 195(3) provides that

employers must give employees certain wage statements "with every payment of wages." *Id.* § 195(3). Section 198 of the NYLL provides for statutory damages from employers for each violation of § 195. *See id.* § 198(1-b) (statutory damages for wage notice violations under § 195(1) are $50 per day, not to exceed $5,000); § 198(1-d) (same for statutory damages for wage statement violations under § 195(3)). In her motion for default judgment, Plaintiff sought $1,350 for failure to provide wage notices under § 195(1) and the statutory maximum of $5,000 for failure to provide wage statements under § 195(3). ECF No. 62-1 at 16.

The Magistrate Judge recommends that such damages be denied because Plaintiff has not pleaded that she has Article III standing with an injury in fact necessary to recover these statutory damages after *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). R&R at 12-13. Plaintiff objects to this finding. Obj. at 1-8. The Court agrees that Plaintiff has not alleged that she suffered a concrete injury-in-fact sufficient to establish Article III standing from the failure to provide wage notices or statements.

Article III states that "[t]he judicial Power of the United States' extends only to certain 'Cases' and 'Controversies.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting U.S. Const. art. III, §§ 1-2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal citation and quotation marks omitted). Satisfying this requirement, including standing, is a "threshold question in every federal case." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To establish standing, a plaintiff must demonstrate "(1) an 'injury in fact', (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th

4

58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).  The

burden lies with the plaintiff to demonstrate standing since the plaintiff is the party "invoking

federal jurisdiction." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021).

       Importantly, in the context of statutory violations, the Supreme Court clarified in

*TransUnion* that a plaintiff does not have standing unless the plaintiff has suffered concrete harm

pursuant to Article III.  *See id.* at 2205.  The Supreme Court held that while Congress may create

statutory causes of action, "under Article III, an injury in law is not an injury in fact" and "[o]nly

those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue

that private defendant over that violation in federal court."  *Id.*  A "concrete" harm is something

with at least a "'close relationship' to a harm traditionally recognized as providing a basis for a

lawsuit in American courts – such as physical harm, monetary harm, or various intangible

harms," including reputational harm.  *Id.* at 2200 (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330,

340-41 (2016)).

       Many courts have held, and this Court agrees, that a plaintiff lacks standing to recover for

a wage notice or statement violation under § 195 when the plaintiff pleads nothing more than the

statutory violation and a demand for damages.  *See, e.g.*, *Kuan v. Notoriety Grp. LLC*, No. 22-cv-

1583 (JLR) (KHP), 2023 WL 3937317, at *9-10 (S.D.N.Y May 22, 2023) (finding no standing

for claim under § 195 because plaintiff "d[id] not assert any other facts describing the injury in

fact caused by not receiving these documents"), *report and recommendation adopted*, No. 22-cv-

1583 (JLR) (KHP), 2023 WL 3936749 (S.D.N.Y. June 9, 2023); *Hernandez* v. *99 Thai

Playground LLC*, No. 19-cv-01257 (ALC) (SN), 2022 WL 18539303, at *7 (S.D.N.Y. Nov. 28,

2022) (finding lack of standing where the plaintiff "alleges only a technical statutory violation,

and not a physical, monetary, or cognizable harm"), *report and recommendation adopted*, No.

19-cv-01257 (ALC) (SN), 2023 WL 1400626 (S.D.N.Y. Jan. 31, 2023); *Ramirez v. Urion Constr. LLC*, No. 22-cv-03342 (LGS), 2023 WL 3570639, at \*9 (S.D.N.Y. May 19, 2023) (dismissing NYLL claim for lack of standing because "[p]laintiffs merely allege that defendants 'failed to provide' them with required wage notices or wage statements and that, '[a]s a result of these violations,' Plaintiffs 'seek' damages, and 'Defendants are liable' to Plaintiffs"); *Lucero v. Shaker Contractors, Corp*., No. 21-cv-08675 (LGS), 2023 WL 4936225, \*3 (S.D.N.Y. July 27, 2023) ("Plaintiffs have alleged no concrete harm that they suffered due to Defendants' failure to provide them wage records."); *Sevilla v. House of Salads One LLC*, No. 20-cv-06072 (PKC) (CLP), 2022 WL 954740, at \*1, 7 (E.D.N.Y. Mar. 30, 2022) (finding no standing where plaintiff alleged that defendants did not provide accurate wage statements or rate of pay notices but there were no allegations of a tangible injury as a result of the technical statutory violations); *Wang v. XBB, Inc*., No 18-cv-07341 (PKC) (ST), 2022 WL 912592, at \* 13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to Defendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim."); *Francisco v. NY Tex. Care, Inc.*, No. 19-cv-01649 (PKC) (ST), 2022 WL 900603, at \*7 (E.D.N.Y. Mar 28, 2022) ("[N]either Plaintiff nor the record demonstrate how those technical violations led to . . . a tangible injury[.]").

It is insufficient for Plaintiff to simply plead, as she did here, that Defendants did not provide wage statements or notices, Compl. ¶¶ 28, 55, 57, and that therefore she was entitled to statutory damages, *id.* at ¶ 61. Such allegations distinguish this case from others like *Mateer* and *Metcalf*, cited by Plaintiff, where specific concrete harm from the failure to receive the requisite notices and statements was alleged. *See Mateer v. Peloton Interactive, Inc*., No. 22-cv-0-740 LGS), 2022 WL 2751871, at \*2 (S.D.N.Y. July 14, 2022) (declining to dismiss § 195 claim

because plaintiff alleged that the violation "resulted in the underpayment of wages" and were not just allegations of bare statutory violations); *Metcalf v. TransPerfect Translations*, No. 19-cv-10104 (ER) (KHP), 2023 WL 2674743, at *4, 6 (S.D.N.Y. Mar. 29, 2023) (declining to dismiss § 195 claim because plaintiffs pleaded that inaccurate wage notices prevented them from knowing that they had been underpaid for nine months). Plaintiff's Complaint contains no such allegations. *See generally* Compl.

Plaintiff argues that she is entitled to statutory damages for at least the failure to provide wage statements because NYLL § 198(1-d) provides that statutory damages "shall" be provided if there is a violation of §195(3) as opposed to other sections that provide for permissive statutory damages, such as § 198(1-b), which states that a plaintiff "may" recover statutory damages for failure to provide notices under § 195(1). Obj. at 3-4. The Court does not agree. In *TransUnion*, the Supreme Court held that certain plaintiffs lacked injury in fact sufficient to establish Article III standing for a violation of the Fair Credit Reporting Act ("FCRA") even though the statutory-damages provision of the FCRA was drafted with mandatory and not permissive language, stating: "'Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer <u>is liable</u> to that consumer' for actual damages or for statutory damages not less than $100 and not more than $1,000, as well as for punitive damages and attorney's fees." *TransUnion*, 141 S. Ct. at 2201 (emphasis added) (quoting 15 U.S.C. § 1681n(a)).

The Court further rejects Plaintiff's arguments (which she makes without citation to any authority) that the Court should adopt a burden-shifting analysis akin to the *McDonnell Douglas* test, that she needs only to show that she did not receive the requisite wage statements and notices, and that "while she may show additional harms, she need not." Obj at 5-6. This

argument ignores the distinction between an injury in law – established by the statute – and a concrete injury in fact necessary for Article III standing.  *See TransUnion*, 141 S. Ct. at 2205 (explaining that "Congress may create causes of action" for parties to sue, but only "plaintiffs who have been concretely harmed by a defendant's statutory violation" may sue in federal court because, under Article III, "injury in law is not injury in fact").  As discussed previously, pleading that one simply did not receive statutorily required notices or statements, without showing any concrete injury in fact, is insufficient.

Finally, Plaintiff alternatively argues, for the first time, that she was actually harmed because:  (1) if she had received a notice stating her hourly rate was $0, then she would not have continued working there; (2) her ability to identify the correct corporate employer was adversely impacted by lack of notice; and (3) she was harmed by being unable to show definitively how much she was paid.  Obj. at 7.  As a threshold matter, it is unclear how Plaintiff was concretely impacted by the lack of notice at least regarding the corporate employer since she is successfully recovering here against her employer.  Regardless, Plaintiff did not plead any of these purported harms in her Complaint, which instead contains only bare allegations that she did not receive the notices/statements and was therefore entitled to damages.  *See  J & J Sports Prods., Inc. v. Abdelraouf*, No. 18-cv-02547 (ARR) (VMS), 2019 WL 457719, at *4 (E.D.N.Y. Feb. 5, 2019) ("Plaintiff's assertion that a court may consider documents outside of the pleadings when evaluating a defendant's liability on a motion for default judgment is plainly contradicted by black-letter law.").  Such harms were not even raised in Plaintiff's motion for default and are now being raised for the first time only in her objection to the R&R, rendering them impermissible.  *See* ECF No. 62; *Glob. Auto, Inc. v. Hitrinov*, No. 13-cv-02479 (PKC) (RER), 2022 WL 593613, at *4 (E.D.N.Y. Feb. 28, 2022) ("[I]n this district and circuit, it is well

established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not[.]"(internal citation omitted)); *see also Baliga v. Link Motion, Inc.*, No. 18-cv-11642 (VM), 2022 WL 16707361, at *5 (S.D.N.Y. Nov. 4, 2022) (noting that "a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate" (internal citations omitted)).

**B.  Defendants Should be Credited for the $40 Paid to Plaintiff Per Shift**

In the R&R, the Magistrate Judge calculated Plaintiff's damages and then credited Defendants $40 for each shift because Plaintiff alleged that she was paid $40 per shift and "declining to credit the $40 per day she alleged she was paid in her complaint would permit Plaintiff to recover a larger award than the complaint requested."  R&R at 10.  Plaintiff contends that the Magistrate Judge should not have credited Defendants $40 per daily shift because there are no records about how much she was paid.  Obj. at 8-9.  The Court rejects this objection.  It is reasonable and appropriate to deduct from the damages award for unpaid compensation the amount of compensation that Plaintiff herself alleges she was paid by Defendants, even if she tries to qualify this allegation subsequent to the pleading.  Compl. ¶ 27; *see also* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

**C.  Plaintiff is Not Entitled to Spread of Hour Pay**

Under New York City regulations, restaurants are required to pay one additional hour of pay at the minimum hourly rate when the spread of hours is greater than ten hours per day.  *See* 12 NYCRR § 146-1.6.  The Magistrate Judge recommends that the Court decline to award spread of hours pay to Plaintiff because she alleges in the Complaint that she worked ten hours a

day but does not allege that she worked *more than* ten hours a day as required for spread of hours pay.  R&R at 12 (citing to Compl. ¶ 26).  Plaintiff objects.  Presumably realizing the weakness of her objection, she asks the Court to award spread of hours pay for half of her shifts because, given that there are no time records to verify her hours, Plaintiff was just providing an estimate, and it is possible that she worked "sometimes a little more and sometimes a little less." Obj. at 9-10.  The Court rejects this objection.

The Complaint alleges that Plaintiff "generally worked 10 hour days" and therefore Plaintiff has not pleaded an entitlement to spread of hours pay.  Compl. ¶ 26.  Even the declaration that Plaintiff submitted with respect to the default motion does not definitively show otherwise.  Paragraph 12, relied on by Plaintiff, confirms her estimate that she "worked about 10 hours each shift."  ECF No. 62-2 ¶ 12.  Even if Plaintiff arrived 30 minutes early and left 30 minutes late, based on some of the estimates that she provided regarding when she would start and end work, that would still result in a 10-hour shift given that the bar was open for nine hours (from 3:00 pm to midnight).  *Id.*

### D.      Plaintiff Shall Not Be Awarded Prejudgment Interest

The Magistrate Judge recommends that Plaintiff be granted prejudgment interest and Plaintiff objects, arguing that such an award is not permitted under the current law.  The Court need not tarry long on this argument.  If Plaintiff is disavowing any request for prejudgment interest, none will be granted.

### E.      Attorneys' Fees Were Appropriately Reduced

Plaintiff finally objects to the Magistrate Judge's recommendation that Plaintiff's attorneys' fees be reduced from $22,449.50 to $10,391.25.  Obj. at 11-13.  Because she prevailed, Plaintiff is entitled to reasonable attorneys' fees and costs under the FLSA and NYLL.

*See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4).  The "presumptively reasonable fee" is calculated by multiplying the reasonable hourly rate by the reasonable number of hours for the case.  *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal citation omitted).  The Court agrees with the Magistrate Judge's determination that the rates of the lead attorney, Penn Dodson, at $450/hour, and her hours billed, are reasonable.  R&R at 20-21.

Plaintiff focuses her objection first on the recommended rates of $125/hour for the senior paralegal, $100/hour for the junior paralegal, and $50/hour for the client-relations specialist.  Obj. at 11; *see* R&R at 20.  Plaintiff further objects to the Magistrate Judge's recommendation that the majority of the 97.9 hours of work performed by the paralegals and client relations specialist be excluded as not reasonable.  Obj. at 11-12; *see* R&R at 21-22.

The senior paralegals Ms. Velez and Ms. Brown are trained paralegals (ECF No. 72 at 3-4) who charged $175/hour (ECF No. 72-2 at 3).  Ms. Carter did not graduate with a degree or certification in paralegal studies.  ECF No. 72 at 4.  She has been with the firm since 2021, serves as a "relief valve" for the paralegals, and acts as a junior paralegal.  *Id.*  Ms. Carter bills at a rate of $125 and Ms. Godoy, the client relations specialist who assists the paralegals bills at $95/hour.  ECF No. 72-2 at 1-2.  Hourly rates for paralegals in this District for wage-and-hour cases generally range from $100 to $150.  *See Victor v. Sam's Deli Grocery Corp.*, No. 19-cv-02965 (SLC), 2022 WL 3656312, at *15 (S.D.N.Y. Aug. 25, 2022); *Inga v. Nesama Food Corp.*, No. 20-cv-00909 (ALC) (SLC), 2021 WL 3624666, at *14 (S.D.N.Y. July 30, 2021) (collecting cases), *report and recommendation adopted*, No. 20-cv-00909 (ALC) (SLC), 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021).  A reasonable rate for clerks and assistants, such as a client relations specialist here, is $50 an hour, especially given the short amount of time she devoted to this action (8.6 hours).  *See Sprint Comms. Co. L.P. v. Chong*, No. 13-cv-03846 (RA), 2014 WL

6611484, at *8 (S.D.N.Y. Nov. 21, 2014) (finding that "requested rates of $35 and $45 to be in line with accepted rates for case clerks and other support staff").

Therefore, the Court concurs with the Magistrate Judge's recommendation that a reasonable rate is $125/hour for the two senior paralegals, $100/hour for the junior paralegal, and $50/hour for the client-relations specialist. Plaintiff has provided no authority or basis for higher rates and simply states, without citation, in a single sentence that "the reduction in support staff hourly rates was not called for and do[es] not reflect currently [sic] market reasonable rates." Obj. at 11. For the reasons stated above, the Court does not agree and this portion of the objection is rejected. *See Lee v. Mani & Pedi Inc*., No. 20-cv-10787 (JCM), 2022 WL 3645118, at *6 (S.D.N.Y. Aug. 24, 2022) (noting that "$175.00 per hour is higher than the typical range of reasonable rates for law clerks and legal support staff").

With respect to the time spent by the support staff, the Court first considers the work of Ms. Godoy. *See* ECF No. 72-2 at 1. Much of the 8.6 hours she billed was for work with respect to additional potential plaintiffs who were not part of this action. *See id.* (billing one hour for "Additional Plaintiff's intake for Avery Jimenez ," a half an hour to "add new lead for additional plaintiff," a half an hour to "Review additional plaintiff SOP, reach out to co-worker to schedule intake," and twenty minutes to "save and organize cdox from additional plaintiff and upload to SP"). The Court is also unable to ascertain the reasonability of billing for "beautifying" client materials and therefore excludes that time. *See id.* (billing 0.1 to "%Beautify Clio Matter"). Therefore, the Court finds that 6.1 hours was reasonably spent on this matter instead of the 8.6 hours billed.

Moving next to Ms. Carter: 2.7 of her 6.7 hours billed were to "beautify" client documents, which is not reasonable. *See, e.g.*, *id.* at 2. The Court cannot find that 0.5 hours

spent on what is only referred to as "propound," is reasonable given the lack of specificity, and spending 0.5 hours to "pull tracking for proof of service" is also not reasonable.  *Id.*  Therefore, the Court finds that 3.0 hours was reasonably spent on this matter instead of the 6.7 hours billed.

Finally, as to the hours spent by senior paralegals, Ms. Velez and Ms. Brown, the 82.6 hours should be significantly reduced for several reasons.  First, many of the entries are too abbreviated and vague to allow the Court to find them reasonable.  *See, e.g.*, ECF No. 72-2 at 2-14 ("worked on DL," "called OP," "nagged CL," "JV managed tasks," "JV managed tasks y delegated out," "JV checked status," "JV read corr").  Second, Ms. Velez billed to this case nearly every workday since the Complaint was filed with a series of 0.1 or 0.2 entries for tasks that would take less than six or twelve minutes, a practice which is disfavored.  *See, e.g., id*. (billing the following entries: 4/11/22 0.1 entry: "Text to client"; 5/9/22 0.2 entry: "ecf filed document"; 6/9/22 0.1 entry for call "attempted to clients"; 6/28/22 0.1 for downloading an ECF document); *see also Hernandez v. Boucherie LLC*, No. 18-cv-07887 (VEC), 2019 WL 3765750, at *6 (S.D.N.Y. Aug. 8, 2019) (noting that billing 0.1 hours can contribute to excessive totals in circumstances "where the tasks individually appear likely to have occupied less than 0.10 hours" (internal citation omitted)).  Third, some of the time expended was unreasonable such as spending 1.6 hours filing the Complaint and civil cover sheet.  *See* ECF No. 72-2 at 3.  Fourth, given that this was a straightforward employment dispute, for a single plaintiff, regarding less than two months of employment, for which defendants did not appear and defaulted, the Court is unable to find that the numerous entries and time spent on this matter are reasonable, especially given the vagaries of the entries.  Given all of this, the Court agrees that the 75% reduction proposed by the Magistrate Judge is reasonable and recovery of 20.65 hours is appropriate.

Plaintiff admits that perhaps the paralegals "took the adage 'brevity is the soul of wit' about three steps too far." Obj. at 11. Plaintiff asserts that the firm has implemented trainings to instruct staff on how to create proper billing entries for future evaluation by courts or clients and is "working on that." *Id.* at 11-12. While trainings are commendable, the billing records provided to the Court here do not permit the Court to confirm their reasonableness.

Therefore, the Court will grant attorneys' fees in the following amounts, representing a slight adjustment from those recommended by the Magistrate Judge:[1]

| Total Award | | | |
|---|---|---|---|
| **Timekeeper** | **Rate** | **Hours Billed** | **Total** |
| Ms. Dodson | $450/hr | 16.5 | $7,425.00 |
| Ms. Velez & Brown | $125/hr | 20.65 | $2,581.25 |
| Ms. Carter | $100/hr | 3.0 | $300.00 |
| Ms. Godoy | $50/hr | 6.1 | $305.00 |
| **Total** | | **46.25** | **$10,611.25** |

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R with a slight modification to the attorneys' fees awarded and will not include an award of prejudgment interest as it has not been requested. Thus, Plaintiff is awarded a total of $37,055.84, representing $12,659.70 in back pay and unlawfully deducted tips, $12,659.70 in liquidated damages, $10,611.25 in attorneys' fees, and $1,125.19 in costs. No prejudgment interest shall be awarded.

---

[1] There are no objections to the $1,215.19 in costs recommended by the Magistrate Judge.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos.

62 and 71, to issue a judgment in accordance with this Order, and to CLOSE this case.

Dated: September 13, 2023
       New York, New York

                              SO ORDERED.


                              _____
                              JENNIFER L. ROCHON
                              United States District Judge